UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMEON MAIER,

        Plaintiff,                    CIVIL ACTION NO. 13-11130

vs.

                                     DISTRICT JUDGE TERRENCE G. BERG

COMMISSIONER OF           MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

        Defendant.
_____/

REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:**  This Court recommends that Plaintiff's motion for summary judgment (docket no. 10) be **DENIED** and Defendant's motion for summary judgment (docket no. 12) be **GRANTED**.

**II.**    **PROCEDURAL HISTORY:**

Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits on August 20, 2009, alleging disability beginning July 15, 2009. (TR 120-26, 147). The Social Security Administration denied benefits and Plaintiff filed a request for a *de novo* hearing. On December 22, 2011 Plaintiff appeared with counsel in Grand Rapids, Michigan and testified at a video hearing held by Administrative Law Judge (ALJ) Craig Petersen, who presided over the hearing from Mt. Pleasant, Michigan. (TR 36-60). Vocational Expert (VE) David Holwerda also testified at the hearing. In a January 18, 2012 decision the ALJ found that Plaintiff was not entitled to disability benefits because he remained capable of performing a significant number of jobs in the national economy. The Appeals Council declined to review the ALJ's

1

decision and Plaintiff filed a complaint for judicial review. The parties filed cross motions for summary judgment which are currently before the Court.

### III. PLAINTIFF'S TESTIMONY AND MEDICAL EVIDENCE

### A. Plaintiff's Testimony

Plaintiff was fifty-one years old on his alleged disability onset date. He has a high school diploma and he lives at home with his wife. (TR 41-42). He last worked as a journeyman millwright welder. (TR 44). He has an unrestricted driver's license and drove approximately twenty minutes from Caledonia to Grand Rapids, Michigan for the hearing. (TR 42, 45).

Plaintiff testified that he has constant back aches and muscle spasms with pain radiating into his legs, slightly worse on the right side. (TR 46). He had surgery on his right shoulder rotator cuff one year earlier and claimed to be doing well although he stated that his shoulder will never be "100 percent." His left shoulder is just as restricted as his right shoulder due to a birth injury. (TR 47). He reported that he cannot straighten his left arm, raise it over his head, or rotate his shoulder. (TR 47). He can use his fingers without difficulty. His pain medication makes him tired and he takes several naps during the day. (TR 55).

Plaintiff estimated that he can lift and carry twenty pounds but he would not want to do that on a continuous basis. He can stand for approximately twenty minutes at a time and he can walk for forty-five minutes at a time. (TR 49). He has an easier time walking than he does standing. He can sit for approximately one hour at a time before he gets restless and needs to move. He has no trouble dressing himself, buttoning buttons, and taking care of his personal hygiene. He makes simple meals, helps his wife make the bed, occasionally washes dishes, washes the car, and sweeps the garage. (TR 50-51). He occasionally helps watch his grandchildren. He testified that he rides

his motorcycle once a week for a half hour at a time. (TR 51). He last went deer hunting two years ago and he is considering going fishing. He gets along well with people. He testified that he would have been able to continue working with a weight restriction past July 2009 if he hadn't taken a buy out from his company. (TR 54).

**B.     Medical Evidence**

The undersigned has thoroughly reviewed Plaintiff's medical record. In lieu of summarizing Plaintiff's medical history, the undersigned will make references and citations to the record as necessary in response to the parties' arguments.

**IV.    VOCATIONAL EXPERT TESTIMONY**

The ALJ asked the VE to testify whether jobs were available for an individual with Plaintiff's age, education, and past work experience who was able to (a) lift and carry up to twenty pounds occasionally and ten pounds frequently, (b) push and pull up to ten pounds occasionally, (c) stand or walk up to six hours out of an eight hour work day, (d) sit up to six hours in an eight hour work day with normal breaks, (e) occasionally climb stairs and ramps, (f) occasionally stoop, kneel, crouch, or crawl, (g) never climb ropes, ladders, or scaffolds, (h) no overhead work, (i) no work with arms extended at full length away from the body, (j) no forceful pushing, pulling, gripping, or grasping, (k) no limitations in concentration, persistence, or pace and (l) no social deficits. The VE testified that the hypothetical individual could not perform Plaintiff's past relevant work but could perform a wide range of light unskilled work including work as a general cashier (DOT 211.462-010), riveting machine operator (DOT 699.685-030), and bottle packer (DOT 920.685-026), comprising 50,600 jobs in the State of Michigan.

Next, the ALJ asked the VE whether jobs were available for an individual who, in addition

to the limitations in the first hypothetical, also required simple, routine, and repetitive tasks, few work place changes, and an option to sit or stand at will. The VE testified that an individual with these limitations could perform the same jobs but at reduced numbers, with approximately 5,500 jobs in the State of Michigan. If the individual was off task twenty-five percent or more of any work day and would miss three or more days per month he could not perform the listed jobs.

## V. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2013. The ALJ further found that although Plaintiff has not engaged in substantial gainful activity since July 15, 2009, and suffers from the severe impairments of lumbar spine degenerative disc disease, cervical spine degenerative disc disease, left shoulder degenerative joint disease, right shoulder degenerative joint disease, and status post rotator cuff repair, he does not have an impairment or combination of impairments that meets or medically equals a listed impairment. The ALJ found that Plaintiff retains the residual functional capacity (RFC) to perform light work with the following restrictions: (a) push and pull up to ten pounds occasionally, (b) stand or walk up to six hours out of an eight hour work day, (c) sit up to six hours in an eight hour work day with normal breaks, (d) occasionally climb stairs and ramps, (e) occasionally stoop, kneel, crouch, or crawl, (f) never climb ropes, ladders, or scaffolds, (g) no overhead work, (h) no work with arms extended at full length away from the body, (i) no forceful pushing, pulling, gripping, or grasping, (j) requires a sit stand option at will, (k) work is limited to simple, routine, and repetitive tasks that involve simple, work related decisions with few if any work place changes, and (l) no visual, environmental, or communication limitations or social deficits. The ALJ concluded that while Plaintiff was not able to perform his past relevant work, he remained capable of performing

4

a significant number of jobs in the national economy, and therefore he was not under a disability as defined in the Social Security Act from July 15, 2009 through January 18, 2012, the date of the ALJ's decision.

## VI. LAW AND ANALYSIS

### A. Standard Of Review

Pursuant to 42 U.S.C. § 405(g), the district court has jurisdiction to review the Commissioner's final decisions. Judicial review under this statute is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner's decision employed the proper legal standards. *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999).

### B. Framework for Social Security Disability Determinations

Plaintiff's Social Security disability determination was made in accordance with a five step sequential analysis. In the first four steps, Plaintiff was required to show that:

5

1. he was not engaged in substantial gainful employment; and
2. he suffered from a severe impairment; and
3. the impairment met or was medically equal to a "listed impairment;" or
4. he did not have the residual functional capacity to perform his past relevant work.

20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented him from doing his past relevant work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education and past work experience to determine if he could perform other work. If he could not, he would be deemed disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987) (citation omitted). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question if the question accurately portrays the plaintiff's physical and mental impairments. *Id.* (citations omitted).

**C.  Analysis**

The Social Security Act authorizes "two types of remand: (1) a post-judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the Secretary (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Secretary (a sentence-six remand)." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence four remand, the Court has the authority to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a hearing." 42 U.S.C.

§ 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, No. 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff argues that the ALJ failed to properly evaluate the medical opinion evidence and formulated a hypothetical question that failed to accurately portray his limitations. Although he challenges the ALJ's assessment of the medical opinions of record, he does so without identifying even a single medical opinion that was improperly evaluated. He also argues that the ALJ formulated an inaccurate hypothetical that failed to account for his impairments, but he does not identify any specific impairment or limitation that should have been included in the hypothetical or the RFC. Instead, Plaintiff argues that he has lumbar and cervical spine degenerative disc disease, left and right shoulder degenerative joint disease, and status post rotator cuff repair. He claims that he testified that he is unable to work because of back, leg, and neck pain. He states that requiring him to work will subject his future employers to liability. He also states in conclusory fashion that the ALJ's disability determination is not supported by the evidence of record. In essence he argues that because he has documented impairments and testified that he is unable to work, the ALJ should have found him disabled. However, he fails to provide any meaningful discussion of the medical evidence or other evidence of record to support his arguments.

"[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999) (citation omitted). "It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citations omitted). The undersigned suggests that Plaintiff has failed to develop his

arguments and therefore has waived his claims of error.

The record shows that the ALJ considered Plaintiff's testimony, the objective evidence of record, Plaintiff's activities of daily living, and his medication side effects. The ALJ acknowledged and found credible Plaintiff's statements that he experiences pain if he lifts more than twenty pounds, stands more than twenty minutes, walks more than forty-five minutes, or sits longer than sixty minutes. He also found Plaintiff's complaints of low back pain, leg pain, and shoulder impairments credible, finding that his back and shoulder condition constitute severe impairments. What he did not find credible were Plaintiff's statements of total disability.

Plaintiff contends that the ALJ based his disability determination on his activities of daily living. Contrary to Plaintiff's assertion, the ALJ did not support his disability determination on the simple fact that Plaintiff is able to wash his car and ride his motorcycle once a week. Instead, the ALJ based his disability finding on a combination of factors, including the objective medical evidence, medical opinion evidence, and on Plaintiff's activities of daily living. For instance, the ALJ cited to imaging studies which supported his conclusion. He also cited to a medical opinion that found that Plaintiff is capable of performing light work with occasional postural limitations, standing or walking six hours out of an eight hour work day, sitting six hours out of an eight hour work day, with no overhead reaching. The ALJ adopted these limitations and added an additional limitation restricting Plaintiff in his ability to reach with his right upper extremity based on the evidence of record.

The ALJ limited Plaintiff to light work with a sit/stand option based on Plaintiff's limitations pertaining to lifting, sitting, standing, and walking. He restricted Plaintiff's ability to engage in postural activities to accommodate Plaintiff's spinal impairments. He restricted Plaintiff's ability

to reach overhead and extend his arms to account for Plaintiff's shoulder impairments, and he limited Plaintiff to simple work in a low-stress environment with few work place changes to account for pain and medication side effects. The ALJ posed a hypothetical question that accounted for the limitations that he found to be credible, and he based his disability determination on VE testimony that Plaintiff is capable of working. Plaintiff's perfunctory argument fails to demonstrate that the ALJ erred in assessing the medical opinion evidence or failed to account for Plaintiff's credible limitations in the hypothetical. Accordingly, Plaintiff's motion for summary judgment (docket no. 10) should be denied and Defendant's motion for summary judgment (docket no. 12) should be granted.

**REVIEW OF REPORT AND RECOMMENDATION**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response

...

proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: January 10, 2014        s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: January 10, 2014        s/ Lisa C. Bartlett
                               Case Manager